No. 19.—WRIGHT BRADY, plaintiff in error, *vs.* FURLOW, PRICE. & FURLOW, *et al.*, defendants in error.

If a person has a legal title to a fund, for his indemnity, it ought not, whilst that title subsists, to be ordered out of his hands into the hands of a receiver; especially if the fund is in no danger.

Motion to pay over funds to Receiver, in Sumter. Decision by Judge ALLEN, March Term, 1857.

William M. Brady, late of Sumter county, departed this life intestate, on the 5th January, 1857, leaving a considerable estate, both real and personal, and against whom there existed debts to a large amount, and of different priorities. On the 8th January, three days after his death, his brother, Wright Brady, applied for and procured letters of temporary administration on his estate, and at the same time made application for general administration. The creditors of William M. Brady, filed their *caveat*, and objected to said administration being granted to Wright Brady, but insisted that the same should be granted to some one of them.

The Ordinary of Sumter county, upon hearing this application and caveat, decided against Brady, who appealed. Pending this appeal, and before trial, and there being no probability of a trial, at the March Term 1857, of said Superior Court, Brady petitioned the Judge of said Court, sitting as Chancellor, for leave to sell the perishable property belonging to the estate of the deceased, consisting of wagons, a buggy, hogs, &c., and to hire out some of the negroes. By consent of parties, in lieu of the order to grant leave to Brady, to sell the property and hire out the negroes, Wade J. Barlow was appointed Receiver, and authorized to sell said perishable property.

Afterwards, and at the same Term of the Court, the creditors moved for an order, that Wright Brady should pay over to said Receiver "all the money he has in hand of said William M. Brady, or has had since his death, and that said Receiver invest said money at interest, well secured, to be due the first of January, 1858 ; said amount to be so turned over, being according to his own showing, twenty-nine hundred and fifty-seven dollars, and sixteen cents."

To this order, Brady objected, and for cause, on oath, showed, that he was the confidential endorser and security of his brother William M. Brady, on various debts, and to secure him from all loss on account of said indorsements and security, he and his brother, before his death, agreed that

respondent should receive from George O. Dawson, who was largely indebted to intestate, the sum of $4,750 72, and to apply and appropriate the same to the payment and satisfaction of the debts and demands for which he was liable, as endorser, acceptor, security or otherwise, for his brother. That agreeably to this arrangement he had paid out the sum of $1,799 57, leaving in his hands $2,957 16, and that he is liable on various claims and obligations still outstanding and not paid; and claimed that under said agreement he had the right to retain said funds, and that he could not be compelled to pay over the same to the Receiver.

The presiding Judge, holding the showing insufficient, granted the order, and Brady by his counsel excepted.

McCoy & Hawkins; Stubbs & Hill, for plaintiff in error.

Scarborough, represented by Vason, for defendants in error.

*By the Court.*—Benning, J. delivering the opinion.

By virtue of the agreement between Wright Brady and his brother, Wright Brady acquired the *legal* title to the fund in question, for the purpose of protecting himself against certain liabilities which he was under, for his brother.

At the time when the motion was made to compel him to turn over the fund to the Receiver, a part of these liabilities still subsisted and the total amount of this part, was indefinite; nor was there any attempt made by the movants to ascertain its precise, or even its proximate amount.

The movants did not offer to relieve him from this part.

Such being the facts, the *legal title* to the fund, still remained in him. And if the legal title to the fund was in him, he ought not to have been compelled to yield the *possession* of the fund to a Receiver. Under such circumstances, the rightful executor, if there had been one, could not have recovered the fund from him; and higher rights could

not have been imparted to a Receiver, than those which such an executor would have had.

If it had appeared, that the fund was sufficient to protect Wright Brady and leave a surplus, it might have been a question, whether it would not be proper, that that surplus should be ordered into the hands of the Receiver; but this does not appear.

We think, therefore, that the Court below erred in ordering the fund into the hands of the Receiver; especially, as there is no evidence, that the fund was in danger.

Judgment reversed.